IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03531-RM-MJW

JUANETTA LAWRENCE,

Plaintiff,

v.

SCHOOL DISTRICT NO. 1, IN THE CITY AND COUNTY OF DENVER, a/k/a Denver
Public Schools, and
BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1, IN THE CITY AND COUNTY
OF DENVER, a/k/a Denver Board of Education,

Defendants.

---

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 23)
and
DEFENDANTS' MOTION FOR SANCTIONS (Docket No. 30)
and
PLAINTIFF'S ATTORNEY'S MOTION TO WITHDRAW (Docket No. 19)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 6)

issued by Judge Raymond P. Moore on January 3, 2014.

## I. Factual Background

Plaintiff Juanetta Lawrence filed her Complaint (Docket No. 1) on December 31,

2013.  Plaintiff makes the following allegations in her Complaint.  Plaintiff was employed

by defendants as a school social worker from November 1997 to September 15, 2011.

Plaintiff is over the age of 55 and African-American.  In 2007, plaintiff was assigned to

work at East High School.  As a non-probationary school social worker, plaintiff was

entitled to remain at her current assignment unless she indicated that she wanted to

apply for another opening at another school.  During the 2009-2010 school year, plaintiff

did not indicate that she wanted to change her assignment.  However, during the middle

of the school year, plaintiff learned that she was to be assigned to work at three different

charter schools and at Denver Human Services.  "[A] younger white less experienced

school social worker" was assigned in plaintiff's place.  As a result, plaintiff filed a

complaint with the Equal Employment Opportunity Commission ("EEOC") alleging she

was being discriminated against.

Furthermore, plaintiff was covered by a Collective Bargaining Agreement

("CBA").  The CBA required defendants to complete a formal written evaluation of

plaintiff every four years.  From 2003 to 2010, no evaluation was completed for plaintiff.

Plaintiff contacted a supervisor regarding evaluations.  On May 25, 2010, plaintiff

received an evaluation.  Plaintiff objected to several things in the evaluation, and filed a

grievance with her union as a result of her objections.

On June 10, 2010, a grievance hearing was held.  The hearing resulted in an

agreement, which among other things expunged the May 2010 evaluation.  Plaintiff was

also assigned to work at Stedman Elementary School four days a week and Northeast

Academy Charter School one day a week.  On August 16, 2010, plaintiff was informed

that she was suspended without pay.  Plaintiff filed another grievance with her union.

The arbitrator found against her.  On October 1, 2011, plaintiff received a letter which

stated that the Denver Board of Education had voted to fire her.

Plaintiff's Complaint (Docket No. 1) includes four claims for relief: (1) violation of

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; (2)

violation of Title VII based on race and retaliation; (3) violation of C.R.S. § 24-32-402, et

seq.; and (4) breach of contract/promissory estoppel.

## II. Pending Motions

Now before the court for a report and recommendation are: (1) defendants'
Motion to Dismiss (Docket No. 23); (2) defendants' Motion for Sanctions (Docket No.
30); and (3) plaintiff's Attorney's Motion to Withdraw (Docket No. 19).[1]  The court has
carefully considered the Complaint (Docket No. 1), the subject motions (Docket Nos. 23,
30, 19), the responses (Docket Nos. 28, 31, 24), and the replies (Docket Nos. 32, 38,
29).  In addition, the court has taken judicial notice of the court's file, and has
considered the applicable Federal Rules of Civil Procedure and case law.  The court
now being fully informed makes the following findings of fact, conclusions of law, and
recommendations.

## A. Motion to Dismiss

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over
the subject matter."  Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter
jurisdiction is on the party asserting jurisdiction.  See Basso v. Utah Power & Light Co.,
495 F.2d 906, 909 (10th Cir. 1974).  Motions to dismiss pursuant to Rule 12(b)(1) take
two forms.  First, a party may attack the facial sufficiency of the complaint, in which case
the court must accept the allegations of the complaint as true.  Holt v. United States, 46
F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions

---

[1] Although under 28 U.S.C. § 636(b) this court may issue orders rather than
recommendations on defendants' Motion for Sanctions (Docket No. 30) and plaintiff's Attorney's
Motion to Withdraw (Docket No. 19), those motions are so intertwined with the outcome of
defendant's Motion to Dismiss (Docket No. 23) that the court will issue a recommendation on all
three motions.

4

regarding subject matter jurisdiction through affidavits and other documents, the court

may make its own findings of fact.  See id. at 1003.  A court's consideration of evidence

outside the pleadings will not convert the motion to dismiss to a motion for summary

judgment under Rule 56.  See id.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to

dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to

relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ."  Id. at 555 (citations

omitted).  "Factual allegations must be enough to raise a right to relief above the

speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from

conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of

the pleaded claims is insufficient; the complaint must give the court reason to believe

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)

(quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope

5

of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Among the arguments defendant makes in its Motion to Dismiss (Docket No. 23) is that plaintiff's Claims One, Two, and Three should be dismissed under the doctrine of res judicata.  Defendant further argues that the court should decline to exercise supplemental jurisdiction over Claim Four.

6

**1. Res Judicata**

Defendants first argue that Claims One, Two, and Three in this matter were brought or could have been brought in Case No. 11-cv-02789-PAB-KMT (hereinafter the "Previous Lawsuit"), and are therefore barred from relitigation here under the doctrine of res judicata.  "Pursuant to the doctrine of res judicata, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pelt v. Utah, 539 F.3d 1271, 1281 (10th Cir. 2008) (quoting Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards, 314 F.3d 501, 503-04 (10th Cir. 2002)).  "It is designed to ensure the finality of judicial decisions." Clark v. Haas Group, Inc., 953 F.2d 1235, 1237 (10th Cir. 1992).

Res judicata, or claim preclusion, "applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits.'" Pelt, 539 F.3d at 1281 (quoting MACTEC Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005)).  If these elements are met, res judicata is appropriate unless the party seeking to avoid preclusion did not have "a full and fair opportunity" to litigate the prior suit. Yapp v. Excel Corp., 186 F.3d 1222, 1226 n.4 (10th Cir. 1999).

As to the first element, plaintiff's claims in the Previous Lawsuit ended with a final judgment on the merits by virtue of Judge Brimmer granting defendant's motion for summary judgment on April 18, 2013.

As to the second element, the parties here are identical to those in the Previous Lawsuit.

As to the third element, it is undisputed that plaintiff's claims here are not

identical to the claims in the Previous Lawsuit.  However, the claims need not be

identical for the third element to be met.  Rather, to determine if there is identity of

cause of action, the Tenth Circuit has adopted a "transactional approach."  MACTEC,

Inc. v. Gorelick, 427 F.3d 821, 832 (10th Cir. 2005).  "Under this approach, a cause of

action includes all claims or legal theories of recovery that arise from the same

transaction."  Id.  In employment cases, the Tenth Circuit has "repeatedly held that all

claims arising from the same employment relationship constitute the same transaction

or series of transactions for claim preclusion purposes."  Wilkes v. Wyo. Dep't of

Employment Div. of Labor Standards, 314 F.3d 501, 504 (10th Cir. 2003) (quotation

omitted).

Based on the above standard, the court finds that the third element has plainly

been met.  Claims One, Two, and Three, and the claims in the Previous Lawsuit, arise

from plaintiff's employment relationship with defendants between 2007 and 2011.  See

Docket No. 1, ¶ 5 in this matter, Docket No. 58, ¶ 4 in Case No. 11-cv-02789-PAB-KMT,

and the substantially identical factual allegations following thereafter in each case.

Having found that the three elements have been met, the court must now

determine if plaintiff had a "full and fair opportunity" to litigate the Previous Lawsuit.  A

review of the Previous Lawsuit's procedural history firmly establishes that plaintiff had

such an opportunity.[2]  Plaintiff's original Complaint (Docket No. 1) was filed on October

26, 2011.  Prior to the Rule 16 Scheduling Conference, plaintiff was permitted to file an

Amended Complaint (Docket No. 21).  A Scheduling Order (Docket No. 38) was entered

[2] The following Docket Nos. refer to Case No. 11-cv-02789-PAB-KMT.

on February 14, 2012.  The Scheduling Order set forth a discovery cut-off date of

August 31, 2012.  On June 14, 2012, plaintiff was permitted to file a Second Amended

Complaint (Docket No. 58).  As a result, defendants' pending Motions to Dismiss

(Docket Nos. 28 & 47) were denied as moot.  On August 23, 2012, the court extended

the discovery cut-off date to September 13, 2012.

On October 10, 2012, defendants filed their Motion for Summary Judgment

(Docket No. 71).  On November 5, 2012, plaintiff's filed a twenty-one page response

(Docket No. 73) to the Motion for Summary Judgment, including over 250 pages of

exhibits.  Furthermore, plaintiff was later permitted to file a sur-reply (Docket No. 86-1).

On April 18, 2013, the court entered an Order (Docket No. 118) granting defendants'

Motion for Summary Judgment.  Plaintiff was represented by counsel throughout the

Previous Lawsuit.  Finally, although not directly relevant, it should be noted that plaintiff

appealed the court's granting of summary judgment on her retaliation claims to the

Tenth Circuit.  The court's order was affirmed.

In light of the above procedural history, wherein plaintiff was permitted to amend

her complaint twice, discovery was completed, and final judgment was entered after a

full briefing of defendants' Motion for Summary judgment, the court finds plaintiff was

given a full and fair opportunity to litigate the Previous Lawsuit.  Accordingly, the court

finds that plaintiff's Claims One, Two, and Three in this matter, all of which were raised

or could have been raised in the Previous Lawsuit, are barred under the doctrine of res

judicata.

**2. Supplemental Jurisdiction**

28 U.S.C. § 1367(a) grants supplemental or pendent jurisdiction to federal district

9

courts over a plaintiff's state law claims which arise out of the same transaction or

occurrence as the federal claims.  However, a district court may decline to exercise

supplemental jurisdiction if the district court has dismissed all claims over which it has

original jurisdiction.   28 U.S.C. § 1367(c)(3).  "When all federal claims have been

dismissed, the court may, and usually should, decline to exercise jurisdiction over any

remaining state claims."  Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151,

1156 (10th Cir. 1998).

Here, because the court recommends that plaintiff's federal claims (Claims One

and Two) be dismissed, the court also recommends the dismissal of plaintiff's remaining

state claims (Claims Three and Four) pursuant to  28 U.S.C. § 1367(c)(3).

## B. Motion for Sanctions

In their Motion for Sanctions (Docket No. 30), defendants argue plaintiff's

attorney Anne T. Sulton should be sanctioned under Rule 11 and/or 28 U.S.C. § 1927

for bringing the claims in the instant matter.

Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion,

or other paper . . . an attorney or unrepresented party certifies that to the best of the

person's knowledge, information, and belief, formed after an inquiry reasonable under

the circumstances: . . . (2) the claims, defenses, and other legal contentions are

warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law . . . ."  Fed. R. Civ. P. 11(b).  "If, after

notice and a reasonable opportunity to respond, the court determines that Rule 11(b)

has been violated, the court may impose an appropriate sanction on any attorney, law

firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P.

10

11(c)(1).

The Tenth Circuit has adopted an objective standard to determine if an attorney's actions justify sanctions under Rule 11.  White v. General Motors Corp., Inc., 908 F.2d 675, 680 (10th Cir. 1990).  The court must consider whether "a reasonable and competent attorney would believe in the merit of an argument."  Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152, 1155 (10th Cir. 1991).  If a competent attorney could not have formed a reasonable belief that a claim is "well grounded in fact and is warranted by existing law, then such conduct is sanctionable under Rule 11." Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988).

First, the court finds that the procedural requirements of Rule 11 have been met. Specifically, defendants raised their request for sanctions in a separate motion as required by Rule 11.  Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . .").  The motion for sanctions is sufficiently specific to put plaintiff's counsel on notice of the conduct allegedly violating Rule 11.  Id.  Lastly, defendants represents in their motion for sanctions that it served their motion on plaintiff at least 21 days before filing the motion with the court, and plaintiff has not challenged defendant's representation.  Fed. R. Civ. P. 11(c)(2).

As to the merits of the motion, the court finds that a reasonable and competent attorney would not believe there was merit in bringing plaintiff's claims in light of the doctrine of res judicata.  As detailed above in the court's analysis of defendants' Motion to Dismiss, there is no objective legal basis for, at the very least, plaintiff's Claims One, Two, and Three.  Indeed, plaintiff's Response (Docket No. 28) to defendants' Motion to Dismiss, which is five pages long, essentially concedes defendant's res judicata

11

argument.  Accordingly, the court finds plaintiff's attorney Anne Sulton has violated Rule

11(b)(2) by virtue of filing Claims One, Two, and Three in the instant action, and should

be sanctioned as a result.  Defendants' request for sanctions under 28 U.S.C. § 1927 is

accordingly moot.

Given the current procedural posture of this matter, the court recommends,

assuming Judge Moore adopts this court's recommendation to grant defendants' Motion

to Dismiss and Motion for Sanctions, that defendants be permitted to file a motion for

attorney's fees and costs in connection with defendants' Motion for Sanctions following

Judge Moore's order.

## C. Motion to Withdraw

Finally, plaintiff's attorney filed a Motion to Withdraw (Docket No. 19) in this

matter on March 31, 2014.  In light of the court's recommendations as outlined above,

the court recommends that plaintiff's attorney Anne Sulton only be permitted to withdraw

from this matter following Judge Moore's resolution of the court's recommendations on

defendants' Motion to Dismiss (Docket No. 23) and Motion for Sanctions (Docket No.

30).  Furthermore, if Judge Moore grants said motions, the court further recommends

that Anne Sulton be required to pay any amount ordered as the result of the Motion for

Sanctions prior to being permitted to withdraw.

## III. Recommendation

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendants' Motion to Dismiss (Docket No. 23) be

**GRANTED** insofar as Claims One, Two, and Three are barred under the doctrine of res

judicata and the court should decline to exercise supplemental jurisdiction as to Claims

12

Three and Four.  It is further

**RECOMMENDED** that defendants' Motion for Sanctions (Docket No. 30) be **GRANTED** as outlined above.  It is further

**RECOMMENDED** that ruling on plaintiff's Attorney's Motion to Withdraw (Docket No. 19) be **DEFERRED** as outlined above.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  July 29, 2014                          s/ Michael J. Watanabe
      Denver, Colorado                     Michael J. Watanabe
                                   United States Magistrate Judge