**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-03531-RM-MJW

JUANETTA LAWRENCE,

      Plaintiff,

v.

SCHOOL DISTRICT NO. 1, IN THE CITY AND COUNTY OF DENVER,
a/k/a Denver Public Schools, and
BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1, IN THE CITY AND COUNTY
OF DENVER, a/k/a Denver Board of Education,

      Defendants.

---

## ORDER

---

      This matter is before the Court on United States Magistrate Judge Michael J. Watanabe's

Recommendations ("Recommendation") (ECF No. 40) on Defendants' Motion to Dismiss (ECF

No. 23), Defendants' Motion for Sanctions (ECF No. 30), and Plaintiff's Attorney's Motion to

Withdraw (ECF No. 19).  Plaintiff filed an objection to the Recommendation with respect to

Defendants' Motion for Sanctions.  (ECF No. 41.)  Defendants filed a response to Plaintiff's

objection to the Recommendation with respect to Defendants' Motion for Sanctions.  (ECF No.

42.)

      For the reasons stated below, the Court OVERRULES Plaintiff's objection and ADOPTS

the Recommendation with respect to Defendants' Motion to Dismiss, Defendants' Motion for

Sanctions, as well as Plaintiff's Attorney's Motion to Withdraw.  The Court DISMISSES the

Complaint (ECF No. 1) with prejudice.

## I.    LEGAL STANDARDS

### A.    Review of the Magistrate Judge's Reports and Recommendations

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."  In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3).  An objection is proper if it is filed timely in accordance with the Federal Rules of Civil

Procedure and specific enough to enable the "district judge to focus attention on those issues –

factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 E. 30th St.*,

73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the

absence of a timely and specific objection, "the district court may review a magistrate's report

under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.

1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no

timely objection is filed, the court need only satisfy itself that there is no clear error on the face

of the record in order to accept the recommendation.").

In considering objections to non-dispositive recommendations[1] by a Magistrate Judge,

such as that at issue with respect to Defendants' Motion for Sanctions (ECF No. 30), the Court

may adopt the Magistrate Judge's recommendations unless it finds that the ruling is "clearly

erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v.*

---

[1] Under 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge was permitted to issue an order with respect to Defendants' Motion for Sanctions (ECF No. 30) and Plaintiff's Attorney's Motion to Withdraw (ECF No. 19).

*Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131,

133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm

unless it on the entire evidence is left with the definite and firm conviction that a mistake has

been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)

(internal quotation marks and citation omitted).  The "contrary to law" standard permits "plenary

review as to matters of law," but the Court will set aside a Magistrate Judge's order only if it

applied the wrong legal standard or applied the appropriate legal standard incorrectly.  12

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069, at 350, 355

(2d ed. 1997).  "Because a magistrate judge is afforded broad discretion in the resolution of non-

dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his

discretion is abused." *Ariza*, 167 F.R.D. at 133; *see also* Wright *et al.*, *supra*, at 350 (noting that

the "contrary to law" standard appears to invite plenary review but noting that "many matters . . .

might be better characterized as suitable for an abuse-of-discretion analysis").

>        **B.**      **Dismissal for Failure to State a Claim**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a)(2).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must

be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted).  The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*.  (Internal quotation and citation omitted.)  Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

### C.    Res Judicata

Res judicata, or more specifically at issue in this matter — claim preclusion, "applies when three elements exist:  (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)).  Res judicata precludes parties or their privies from relitigating issues that were or could have been raised in a prior action which has reached a final judgment on the merits.  *Pelt*, 539 F.3d at 1281 (citing *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002), as amended Jan. 14, 2003).  Res judicata is "designed to ensure the finality of judicial decisions." *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237 (10th Cir. 1992) (citation omitted).  If each of the res judicata elements is present, then a claim is precluded unless the party seeking to avoid preclusion did not have "a full and fair opportunity" to litigate the prior suit.  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1228-29 (10th Cir. 1999).

## II.    BACKGROUND

No party objects as to the Magistrate Judge's recitation of the case's factual background. Accordingly, the Court adopts the Magistrate Judge's factual findings as if set forth herein. (ECF No. 40 at 1-3.)

Briefly, the Court sets forth the pertinent factual and procedural background.

### A.    Factual Background

Plaintiff alleges that Defendants employed her as a school social worker from November 1997 to September 15, 2011.  (ECF No. 1 at ¶ 5.)  Plaintiff is over the age of 55 and African-American.  (ECF No. 1 at ¶ 5.)  In 2007, Denver Public Schools ("DPS") assigned Plaintiff to work at East High School.  (ECF No. 1 at ¶ 11.)  During the 2008-2009 school year, Plaintiff learned that DPS was going to assign her to work at three different charter schools and Denver Human Services during the 2009-2010 school year.  (ECF No. 1 at ¶ 15.)  During the 2009-2010 school year, a younger and white employee was assigned to work at East High School.  (ECF No. 1 at ¶ 16.)  In August 2009, Plaintiff filed a complaint with the EEOC alleging she was being discriminated against.  (ECF No. 1 at ¶ 17.)

On August 16, 2010, Plaintiff was suspended from her job with pay.  (ECF No. 1 at ¶ 33.) On December 31, 2010, Plaintiff was informed that she was placed on an unpaid suspension from her job.  (ECF No. 1 at ¶ 36.)  On October 1, 2011, Plaintiff "received a letter dated September 30, 2011, stating that [the Denver Board of Education of School District No. 1 ("DBE")] had voted to fire her on September 15, 2011."  (ECF No. 1 at ¶ 38.)

### B.    Procedural Background

Plaintiff filed this lawsuit on December 31, 2013.  (ECF No. 1.)  Plaintiff's lawsuit alleges four causes of action.  Claim One alleges that Defendants violated the Age

Discrimination in Employment Act, 29 U.S.C. § 621-634 (2012) by removing her from her position as a social worker at East High School and giving her a far less desirable job assignment.  (ECF No. 1 at ¶¶ 47, 49-51.)  Claim Two alleges that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* by "remov[ing] her [from] her assignment at East High School, suspend[ing] [her] with pay, suspend[ing] [her] without pay, and fir[ing]" her.  (ECF No. 1 at ¶¶ 63, 65.)  Claim Three alleges that Defendants violated Section 24-32-402 of the Colorado Revised Statutes by "remov[ing] her [from] her assignment at East High School, suspend[ing] [her] with pay, suspend[ing] [her] without pay, and fir[ing]" her."  (ECF No. 1 ¶¶ 74, 77-78.)  Claim Four alleges that Defendants conduct breached a contract she had with Defendants and their actions are barred by promissory estoppel. (ECF No. 1 at ¶¶ 84-91.)

Plaintiff previously filed a lawsuit against Defendants, Case No. 11-CV-02789-PAB-KMT (D. Colo.) (hereinafter "Prior Lawsuit").  Plaintiff's Prior Lawsuit alleged three Claims for Relief.  Claim One in the Prior Lawsuit alleged that Defendants violated 42 U.S.C. § 1983 ("Section 1983") when they "removed [Plaintiff] from her social worker position at . . . (East High School) in 2009, . . . suspended her in 2010, and terminated her employment in 2011. . . ." (ECF No. 58 at ¶ 31 in 11-CV-02789.)  Claim Two in the Prior Lawsuit alleged that Defendants violated 42 U.S.C. § 1981 ("Section 1981") and Section 1983 when they "a) gave her a reassignment with significantly different responsibilities for the 2009-2010 school year; . . . c) suspended her with pay in August 2010; d) suspended her without pay in December 2010; and e) fired her in September 2011."  (ECF No. 58 at ¶ 43 in 11-CV-02789.)  Claim Three in the Prior Lawsuit alleged that Defendants breached a contract with Plaintiff.  (ECF No. 58 at ¶¶ 51-58 in 11-CV-02789.)  On April 18, 2013, in the Prior Lawsuit, Judge Brimmer granted Defendants'

motion for summary judgment on each of Plaintiff's claims.  (ECF No. 118 in 11-CV-02789.)

On April 22, 2013, in the Prior Lawsuit, the Clerk of the Court for the District of Colorado

entered Final Judgment in Defendants' favor and against Plaintiff.  (ECF No. 120 in 11-CV-

02789.)

      Plaintiff's attorney in both the current matter and the Prior Lawsuit is Anne T. Sulton.

(ECF No. 1 at 14; ECF No. 58 at 12 in 11-CV-02789.)

## III.   ANALYSIS

### A.   Recommendation on Motion to Dismiss

      The Magistrate Judge recommended to grant Defendants' Motion to Dismiss (ECF No.

23).  (ECF No. 40 at 6-9.)  No objection has been filed.  Accordingly, the Court reviews the

Magistrate Judge's Recommendation for clear error.  Having reviewed the Recommendation and

the record, the Court discerns no clear error on the face of the Recommendation[2].  The Court

finds that Judge Watanabe's Recommendation is sound and dismisses Plaintiff's Complaint, in

its entirety, with prejudice.

### B.   Recommendation on Motion for Sanctions

      The Magistrate Judge recommended to grant Defendants' Motion for Sanctions (ECF No.

30) under Rule 11 of the Federal Rules of Civil Procedure.  (ECF No. 40 at 9-11.)  Judge

---

[2] The Court is mindful of the Tenth Circuit's articulated standard for res judicata in employment cases which holds that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2003) (citations omitted).  In this matter, because Plaintiff's claims in the Prior Lawsuit and the present matter concern the same factual predicate transactions, *i.e.*, Defendants' reassigning her to a different school, suspending her, and terminating her employment, the Court finds that the res judicata element of same cause of action is met.  In a different context, however, rigid adherence to the Tenth Circuit's standard with respect to a singular employment relationship as constituting the same transaction or series of transactions may not be prudent. *See Yapp*, 186 F.3d at 1228 (noting that "[n]o other court applying the transactional test has held that suits arising from the same employment relationship are thereby necessarily grounded upon the same transaction"), 1228 n.6 (collecting cases).  An employment relationship between two parties may last for years or decades and may involve numerous incidents of varying distance in time and similarity which would thus constitute different factual transactions.  If this were a matter of first impression for the Court, the Court might hold that *an "employment relationship" alone* is *not* adequate to support claim preclusion *in every instance. See Yapp*, 186 F.3d at 1228; *see also Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1266, 1269-70 (D. Kan. 2012).

Watanabe found that Defendants' motion for sanctions satisfied the procedural requirements and, substantively, Plaintiff's attorney violated Rule 11(b)(2) by filing Plaintiff's claims in the instant action despite their being barred by the final judgment entered in the Prior Lawsuit.  (ECF No. 40 at 10-11.)  Plaintiff filed an objection as to the Recommendation on Defendants' motion for sanctions.  (ECF No. 41.)

Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, a written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims . . . or other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ."  Fed. R. Civ. P. 11(b)(1), 11(b)(2).  Rule 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c).  Rule 11(c)(4) provides that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  Rule 11(c)(5) provides that the "court must not impose a monetary sanction: (A) against a represented party for violating Rule 11(b)(2) . . . ."  Fed. R. Civ. P. 11(c)(5)(A).

The Tenth Circuit holds that a court must consider whether "a reasonable and competent attorney would believe in the merit of an argument" to determine if an attorney's actions are warrant sanctions under Rule 11. *Dodds Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991) (citations omitted).

Plaintiff's objection to the Recommendation on the motion for sanctions argues that "res judicata" could not have applied before March, 29, 2014 – the date the Tenth Circuit issued its decision" in the Prior Lawsuit.  (ECF No. 41 at 5.)  Plaintiff's argument is devoid of merit as the preclusive effect of a final judgment is well-settled under Tenth Circuit law.  *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005) ("The appealability of a judgment, however, does not hinder its preclusive effect."); *Wexler v. United States*, 961 F.2d 221, *1 (10th Cir. 1992) (unpublished) ("It is well settled that a 'final judgment retains all of its res judicata consequences pending decision of the appeal.'") (Quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure:  Jurisdiction & Related Matters* § 4433 at 308 (1981)); *Wallin v. Dycus*, Case No. 07-CV-00318-WDM, 2010 WL 924232, *8 (D. Colo. Mar. 2010) (citations omitted).

Plaintiff's reliance on *Doctor's Assocs., Inc. v. Bickel*, 123 F. App'x 416, 417 (2d Cir. 2005) is misplaced because that case addressed when a claim under Illinois state law became subject to a final judgment.  Here, federal law of claim preclusion applies.  *Yapp*, 186 F.3d at 1226 (citations omitted).  And Plaintiff's reliance on understanding a practice guide is misplaced because "final word" is not equivalent to "final judgment."  In the Prior Lawsuit, on April 22, 2013, the Clerk of the Court entered "final judgment" on Defendants' motion for summary judgment.  (ECF No. 120 in 11-CV-02789.)  The final judgment in the Prior Lawsuit (ECF No.

120 in 11-CV-02789) disposed of all of Plaintiff's claims and from which Plaintiff could and did take appeal. *See* Fed. R. Civ. P. 54(a), 54(b).

The Court's denial of Plaintiff's request for a stay or ordering her to serve Defendants in this matter does not influence the Court's holding that Plaintiff's attorney violated Rule 11 because Plaintiff's attorney filed this lawsuit at a time when a reasonable attorney would have known that Plaintiff's claims were barred by res judicata.  Additionally, Plaintiff could have sought to preserve her ability to add the claims in this lawsuit to her Prior Lawsuit by filing a motion to stay the Prior Lawsuit. *Wilkes*, 314 F.3d at 505-06.

Plaintiff provides the Court with no authority holding that an appealed judgment of the District Court of Colorado is not a final judgment for purposes of claim preclusion.  Thus, it was not objectively reasonable for Plaintiff to believe that the Prior Lawsuit had not reached a "final judgment" before Plaintiff's attorney filed this lawsuit.

Plaintiff's attorney's conduct in filing this lawsuit violated Rule 11(b)(2) of the Federal Rules of Civil Procedure as the claims are barred by the existing res judicata doctrine and Plaintiff's attorney does not articulate a non-frivolous basis for not applying the doctrine in this matter.  For these reasons, the Court overrules Plaintiff's objection as the Magistrate Judge's recommendation is not clearly erroneous.

### C.    Recommendation on Motion to Withdraw

The Magistrate Judge recommended permitting Plaintiff's attorney, Sulton, to withdraw only following the Court's resolution of the Recommendation.  (ECF No. 40 at 11.)  Further, Judge Watanabe recommended that Plaintiff's attorney "be required to pay any amount ordered as the result of the Motion for Sanctions prior to being permitted to withdraw." (ECF No. 40 at

11.)  Plaintiff argues that the Colorado Rules of Professional Conduct did not permit her to settle Plaintiff's claims or to dismiss Plaintiff's case.  (ECF No. 41 at 9-11.)

While the Colorado Rules of Professional Conduct govern an attorney's conduct in state court, the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney apply before the Court.  D.C. Colo. L. Atty. R. 1(a), 1(c).

Plaintiff's attorney could seek to withdraw only by "showing good cause" and her motion must have "state[d] the reasons for withdrawal, unless the statement would violate the rules of professional conduct."  D.C. Colo. L. Atty. R. 5(b).   Plaintiff's attorney, in her motion to withdraw (ECF No. 19) argued that good cause exists but that she was unable to provide the "reasons for withdrawal because it would violate the rules of professional conduct." (ECF No. 19 at 1-2.)  Plaintiff's attorney could have provided the Court with a statement to the effect that irreconcilable differences between her and her client exist as to the course of conduct of this litigation and the Court may have found good cause to allow Plaintiff's attorney to withdraw. Plaintiff's attorney, however, did not present the Court with *any* reason as to her need to withdraw.  As such, the Court had no basis on which to determine if good cause existed for Plaintiff's attorney's withdrawal.

Further, the Rule 11(b)(2) violation occurred prior to Plaintiff's attorney's filing her motion to withdraw.  Plaintiff's attorney was aware of the Prior Lawsuit and the factual predicates for Plaintiff's claims in both lawsuits.  Nevertheless, despite Plaintiff's attorney's being aware of final judgment in the Prior Lawsuit, Plaintiff's attorney filed the instant lawsuit. Plaintiff's attorney did not engage in an objectively reasonable inquiry as to whether Plaintiff's claims would be barred by res judicata prior to filing the instant lawsuit and for that reason, Plaintiff's attorney will be sanctioned.  Plaintiff's attorney should have counseled her client that

the present lawsuit would be barred by res judicata and that Plaintiff's attorney could not file the lawsuit against Defendants without subjecting herself to possible misconduct.

Because it was Plaintiff's attorney's misconduct that violated Rule 11(b)(2), sanctions are appropriate against her.

## IV.   CONCLUSION

Based on the foregoing, the Court:

(1)   OVERRULES Plaintiff's objection to the Recommendation (ECF No. 41);

(2)   ADOPTS the Recommendation (ECF No. 40) on Defendants' Motion to Dismiss (ECF No. 23), to wit, the Court GRANTS Defendants' Motion to Dismiss and DISMISSES, with prejudice, Plaintiff's Complaint (ECF No. 1) in its entirety against Defendants;

(3)   ADOPTS the Recommendation (ECF No. 40) on Defendants' Motion for Sanctions (ECF No. 30), to wit, the Court GRANTS Defendants' Motion for Sanctions and ORDERS (i) Defendants to provide the Court with a brief, with supporting affidavits, which includes a bill of costs and request for attorneys' fees incurred in connection with this litigation no later than fourteen (14) days after entry of this Order, (ii) Plaintiff has no later than twenty-one (21) days after entry of this Order to respond, and (iii) no reply will be permitted; and

(4)   ADOPTS the Recommendation (ECF No. 40) on Plaintiff's Motion to Withdraw (ECF No. 19), to wit, the Court DENIES Plaintiff's attorney's motion to withdraw.

DATED this 10th day of December, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

13